UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHRISTOPHER L. BOLTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:12-CV-653 |
| | ) | (GUYTON) |
| V. | ) | |
| | ) | |
| DR. VIRGINIA JOHNSON and | ) | |
| TERRY COBB, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the

Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings,

including entry of judgment [Doc. 11]. Now before the Court are the Defendants' Motions to

Dismiss [Docs. 4, 8] and the Plaintiff's Motion to Dismiss Without Prejudice [Doc. 12]. For the

reasons stated herein, the Defendants' Motion to Dismiss [Docs. 4, 8] will be **GRANTED** and

the Plaintiff's Motion to Dismiss Without Prejudice [Doc. 12] will be **DENIED**.


## I.    BACKGROUND

Defendant Virginia Johnson and Defendant Terry Cobb ("Cobb") were married on June

13, 1970, and were divorced in 1979. [Docs. 5-1, 13-6, 13-7]. Defendant Virginia Johnson

("Johnson") and Plaintiff Christopher Bolton ("Bolton") were married on April 2, 1983, and they

divorced on February 21, 1990. [Doc. 13-6].

Bolton alleges that Johnson was a teacher at Wynn High School in Campbell County from 1978 to 1980.  [Doc. 2 at 2].  Bolton alleges that Cobb was a teacher at Campbell County Comprehensive High School during the same period.  [Id.].  Bolton alleges that Johnson abused him by engaging in sexual acts with him when he was sixteen years of age.  [Id. at 3].  Bolton alleges that Cobb aided in concealing these acts to protect he and Johnson, who was his wife at the time.  Bolton states that the alleged abuse took place sometime between 1978 and 1980.  [Id. at 2-3].  Bolton, however, argues that the "last overt act in furtherance of the conspiracy" amongst the Defendants took place December 20, 2011, when Johnson filed a Motion to Dismiss in another federal case.  [Id. at 3].

On December 17, 2011, Bolton filed the instant suit, alleging that the Court "has subject matter jurisdiction" under 18 U.S.C. § 2255, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 28 U.S.C. § 1332.  [Id. at 1].  On January 30, 2013, Cobb filed his Motion to Dismiss [Doc. 4], and on February 12, 2013, Johnson filed her Motion to Dismiss [Doc. 8].  On March 14, 2013, Bolton filed his Motion to Dismiss Without Prejudice [Doc. 12], and on March 15, 2013, the parties consented to the jurisdiction of the undersigned.  Bolton has not responded to either of the Defendants' Motions to Dismiss.  Johnson, however, has responded in opposition to Bolton's Motion to Dismiss Without Prejudice. [Doc. 13].


## II.     POSITIONS OF THE PARTIES

Defendants Cobb and Johnson argue that the Complaint fails to state a claim under 18 U.S.C. § 2255, 42 U.S.C. § 1983, or 42 U.S.C. § 1985.  In addition, the Defendants argue that the applicable statute of limitations precludes litigation of Bolton's claims.  Johnson opposes Bolton's request that this case be dismissed without prejudice.  She represents that Bolton has

sued her three times in federal court in the last fourteen months for the sole purpose of harassing, abusing, and damaging she and Cobb.

Bolton does not respond directly to the Defendants' arguments relating to the substantive deficiencies of his claims. Bolton, instead, asserts in his Motion to Dismiss that the Court should dismiss this case without prejudice because he is homeless and is suffering "debilitating bouts of PTSD." [Doc. 12].

## III. ANALYSIS

The Court has construed Bolton's Complaint as alleging violation of 18 U.S.C. § 2255, 42 U.S.C. § 1983, and/or 42 U.S.C. § 1985. Thus, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### A. Defendants' Motions to Dismiss Pursuant to Rule 12 of the Federal Rules of Civil Procedure

Rule 12 of the Federal Rules of Civil Procedure allows a party to move to dismiss a claim that fails to state a claim upon which relief can be granted prior to serving a responsive pleading. Fed. R. Civ. P. 12(b)(6). "In evaluating the complaint for failure to state a claim, [the Court] must construe the allegations of the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true, and decide whether the complaint contains sufficient facts to state a claim for relief that is plausible on its face." U.S. Citizens Ass'n v. Sebelius, 705 F.3d 588, 597 (6th Cir. 2013) (citing Dudenhoefer v. Fifth Third Bancorp, 692 F.3d 410, 416 (6th Cir. 2012)).

Though a complaint need not contain "detailed factual allegations" to be sufficient, it must go beyond mere "labels and conclusions." Conlin v. Mortgage Elec. Registration Systems,

Inc., 714 F.3d 355, 358 (6th Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotations removed). It is well-settled that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ctr. for Bio–Ethical Reform v. Napolitano, 648 F.3d 365, 369 (6th Cir.2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotations removed). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Bio–Ethical Reform, 648 F.3d at 369.

1.    Statute of Limitations

Initially, the Court finds that the Plaintiff's claims are barred by the applicable statute of limitations.  Any claim under 18 U.S.C. § 2255 "shall be barred unless the complaint is filed within six years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability." Id.  Claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 will be barred unless they are filed within one year of the accrual of the cause of action.  See Owens v. Okure, 488 U.S. 235 (1989); Sevier v. Turner, 742 F.2d 262, 272 (1984).

Plaintiff Bolton has not stated any basis for tolling the statute of limitations relating to his claims.  Even if the Court were to toll the statute of limitations for two years based upon Bolton's allegation that he was sixteen at the time of the injury, the latest possible year of accrual is 1982.[1]  Thus, the Court finds that over thirty years have elapsed since the latest possible

---

[1] The Bolton-Johnson divorce decree indicates that Bolton was born in 1961, and thus, he would have turned 18 in 1979.  [Doc. 13-6 at 12].  Given the procedural posture of this matter and the fact that Plaintiff is proceeding pro se, the Court has relied upon the latest possible date that Bolton could have turned 18 when his pleadings are taken as true.

4

accrual of the Bolton's causes of action, and therefore, all of Bolton's claims are barred by the applicable statute of limitations.

The Court is mindful that Bolton has baldly asserted that Johnson's filing of a Motion to Dismiss in a separate federal case in 2011 was the last act of a conspiracy relating to the claims pled herein. The Court finds that this statement is not supported by any allegations tying the act of filing the Motion to Dismiss to the allegations of abuse. This statement, without more, does not demonstrate a plausible basis on which to find that any of the claims were brought within the period allowed by the applicable statute of limitations. See Iqbal, 556 U.S. 662.

Accordingly, the Court finds that the Plaintiff's claims are barred by the applicable statutes of limitations.

2.    *42 U.S.C. § 1983*

The Court further finds that Plaintiff Bolton has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

"A § 1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." Wellman v. PNC Bank, 2012 WL 6177120, at *2 (6th Cir. 2012) (quoting Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003)).

The Court finds that Bolton has not alleged any facts that suggest Cobb or Johnson acted under the color of law. Moreover, he does identify any rights secured by the United States Constitution or other laws of the United States that have been violated by either Johnson or Cobb. Accordingly, the Court finds that Bolton has failed to state a claim under 42 U.S.C. § 1983 against either Johnson or Cobb.

5

*3.    42 U.S.C. § 1985*

The Court also finds that Plaintiff Bolton has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1985.

The elements of a § 1985 claim are: "(1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the laws and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen." Taylor v. Streicher, 465 Fed. App'x 414, 419-20 (6th Cir. 2012) (quoting White v. Trapp, 93 Fed. App'x 23, 26 (6th Cir. 2004)).

The Court finds that Bolton has not pled the elements of a § 1985 claim. Even if the Court were to interpret Bolton's weak claims of conspiracy as establishing the conspiracy element of the claim, Bolton's allegations are grossly deficient on all of the other essential elements of a claim under 42 U.S.C. § 1985. Specifically, the Court finds that Bolton has failed plead any fact that would indicate that either of the Defendants conspired for the purpose of depriving, directly or indirectly, Bolton of equal protection.

Accordingly, the Court finds that Bolton has failed to state a claim under 42 U.S.C. § 1985 against either Johnson or Cobb.


*4.    18 U.S.C. § 2255*

Finally, the Court finds that Plaintiff Bolton has failed to state a claim upon which relief can be granted under 18 U.S.C. § 2255. Section 2255 states:

> Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United

States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee.

18 U.S.C. § 2255(a).

The Court finds that 18 U.S.C. § 2251, 2252, 2252A, and 2260 all contemplate a sexual visual depiction of a minor or the intent to produce such a visual depiction. The Court finds that 18 U.S.C. § 2251A describes punishment for a person who sells a minor. The Complaint in this case does not allege that Cobb or Johnson made visual depictions of the Plaintiff, nor does it allege that Cobb or Johnson sold custody of Bolton when he was a minor. The Court finds Bolton's allegations cannot support a cause of action under these provisions, and thus, cannot support a claim under 18 U.S.C. § 2255.

The Court finds that 18 U.S.C. § 2241(c) requires that the minor involved be less than twelve years of age or, in certain instances, be over twelve years but less than sixteen years of age. The Complaint alleges that Bolton was sixteen years old at the time of the alleged affair with Johnson. The Court finds Bolton's allegations cannot support a cause of action under this provision, and thus, cannot support a claim under 18 U.S.C. § 2255.

The Court finds that 18 U.S.C. § 2421 provides that it is illegal to knowingly transport or attempt to transport a person in interstate or foreign commerce with the intent that such person engage in any sexual activity for which any person can be charged with a criminal offense. The Plaintiff alleges that Johnson transported Plaintiff across interstate lines and into foreign jurisdictions to engage in illegal sexual acts. This allegation is nothing more than a formulaic recitation of the elements of a cause of action as set forth in Section 2421. The allegation is not a sufficient basis on which the Court can draw a reasonable inference that Johnson is liable for the misconduct alleged. The Court finds that Bolton's Section 2421 claim does not pass the pleading

standard of Rule 8, as described in <u>Iqbal</u>, 556 U.S. 662 and <u>Twombly</u>, 550 U.S. 544.  The Court finds Bolton's allegations cannot support a cause of action under this provision, and thus, cannot support a claim under 18 U.S.C. § 2255.

The Court finds 18 U.S.C. § 2422 requires persuading, inducing, or enticing a person to travel in interstate or foreign commerce to engage in illegal sexual activity, through use of the mail or otherwise. The Complaint does not allege that Johnson persuaded, induced or enticed the Plaintiff by use of mail or other means to travel across interstate lines or into foreign jurisdictions. The Complaint alleges only: "[Johnson] transported plaintiff across interstate lines and into foreign jurisdictions to engage in illegal sexual acts."  [Doc. 2 at 3].  The Court finds Bolton's allegations cannot support a cause of action under this provision, and thus, cannot support a claim under 18 U.S.C. § 2255.

The Court finds that 18 U.S.C. § 2423 requires transportation of a minor in interstate or foreign commerce, or any commonwealth, territory or possession of the United States, to engage, or with intent to engage, the minor in prostitution or other illegal sexual activity. As set forth previously, the Bolton's allegation that Johnson transported him across interstate lines and into foreign jurisdictions to engage in illegal sexual activity does not comply with the pleading standard of Rule 8.  The Court finds Bolton's allegations cannot support a cause of action under this provision, and thus, cannot support a claim under 18 U.S.C. § 2255.

The Court finds that 18 U.S.C. § 2242 applies to persons "in the special maritime and territorial jurisdiction of the United States or in a Federal prison."  It addresses situations where a person causes another person to engage in a sexual act by threatening or placing that other person in fear, or when a person engages in a sexual act with another person who is incapable of appraising the nature of the conduct or physically incapable of declining participation in the

sexual act. The Complaint does not allege that Bolton, Johnson, or Cobb were "in the special maritime and territorial jurisdiction of the United States or in a Federal prison," nor does it allege that Bolton engaged in the alleged sexual acts due to being placed in fear. Further, the Complaint does not allege that Bolton was incapable of declining participation or incapable of appraising the nature of the conduct. The Court finds Bolton's allegations cannot support a cause of action under this provision, and thus, cannot support a claim under 18 U.S.C. § 2255.

The Court finds that 18 U.S.C. § 2243 also applies to persons "in the special maritime and territorial jurisdiction of the United States or in a Federal prison." It requires that the sexual act to be punished be with a minor who has either attained the age of twelve years but has not yet attained the age of sixteen years or is a ward in official detention. The Complaint does not allege that Johnson, Cobb, or Bolton were in special territorial or maritime jurisdiction of the United States or federal prison. The Complaint does not allege a detention, and it makes clear that Bolton was sixteen years old at the time of the alleged conduct. The Court finds Bolton's allegations cannot support a cause of action under this provision, and thus, cannot support a claim under 18 U.S.C. § 2255.

Based upon the foregoing, the Court finds that the allegations in the Complaint do not present an actionable claim against either Defendant Cobb or Defendant Johnson under any of the sections referred to in 18 U.S.C § 2255. The Court, therefore, finds that Plaintiff Bolton has not stated a claim upon which relief can be granted under 18 U.S.C. § 2255.

**B.      Plaintiff's Motion to Dismiss Without Prejudice**.

The Court has considered Plaintiff Bolton's request to dismiss this case without prejudice. The Court finds, however, that Bolton's claims are substantively defective for the

reasons stated herein.  The Court finds that the interests of justice and the interests of the parties are best served by adjudicating these claims, which were ripe at the time Bolton filed his request to dismiss.  The Court finds that a later turn-around in Bolton's financial situation or health and an eventual re-filing of these claims would not yield a different result.  Plaintiff's claims are barred by the statute of limitations and are substantively defective.

In addition, the Court has considered the evidence of harassment before it.  The evidence before the Court – specifically, the Affidavit of Virginia Clark Johnson [Doc. 13-6] – represents that Johnson has previously been required to obtain an order of protection against Bolton and that Bolton has consistently engaged in harassment.  The Affidavit of Terry Charles Cobb [Doc. 13-7] further demonstrates that Bolton has filed this suit to harass Johnson and Cobb.  Finally, the Affidavit of John C. Clark [Doc. 13-8], Johnson's brother, states that Bolton appeared at John Clark's place of work on March 4, 2013, and stood outside with a sign accusing Clark of covering up child abuse.  The evidence before the Court indicates that a dismissal without prejudice will allow continued harassment through litigation, despite the legal deficiency of the claims.

Accordingly, the Court finds that the request for dismissal without prejudice is not well-taken.

**IV.      CONCLUSION**

Based upon the foregoing, Defendant Cobb's Motion to Dismiss **[Doc. 4]** and Defendant Johnson's Motion to Dismiss **[Doc. 8]** are **GRANTED**, and Plaintiff Bolton's Motion to Dismiss without Prejudice **[Doc. 12]** is **DENIED**.  All claims against Defendant Terry Cobb and Virginia Clark Johnson are **DISMISSED WITH PREJUDICE**.  The Clerk shall enter a Judgment reflecting the same and close this case.

**IT IS SO ORDERED.**

ENTER:

_____s/ H. Bruce Guyton_____
United States Magistrate Judge